OPINION
Appellant, Gary L. Dell, appeals a decision of the Ashtabula County Court of Common Pleas. On November 4, 1998, the grand jury indicted appellant with eight counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and seventeen counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. Initially, he entered a plea of not guilty to all counts. On March 2, 1999, pursuant to a plea agreement, appellant entered a plea of guilty to one count of sexual battery, in violation of R.C. 2907.03(A)(5), and two counts of gross sexual imposition, in violation of R.C.2907.05(A)(5). Appellee, the state of Ohio, then successfully moved to dismiss the remaining counts against appellant. On June 3, 1999, a sentencing hearing was held, pursuant to the recommendation of the Department of Corrections, to determine whether appellant should be adjudicated a sexual predator under R.C. 2950.09(C).
In an entry dated June 7, 1999, the trial court found by clear and convincing evidence that appellant was a sexual predator pursuant to R.C. 2950.09(C), and sentenced him to three years incarceration on each count. The sentences were to run consecutively. Appellant timely filed the instant appeal and assigns the following assignments of error:
 "[1.] The trial court erred in finding [appellant] to be a sexual predator because the registration required by the sexual predator statute violates [appellant's] rights guaranteed by Section 1, Article 1 of the Ohio Constitution.
 "[2.] The trial court erred by applying H.B. 180 because H.B. 180 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution by creating a special class without a rational basis.
 "[3.] The trial court erred in finding [appellant] to be a sexual predator because H.B. 180 violates equal protection, guaranteed by the Fourteenth Amendment of the United States Constitution, and due process, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by denying [appellant] a right to a trial by jury and applying a different standard of evidence among similarly situated sex offenders.
 "[4.] The trial court erred in finding [appellant] to be a sexual predator because H.B. 180 is void for vagueness as it compels a court to make a `preponderance' determination based upon `clear and convincing evidence.'
 "[5.] The trial court erred in finding [appellant] to be a sexual predator because H.B. 180 is an unconstitutional bill of attainder.
 "[6.] The trial court erred in finding [appellant] to be a sexual predator because H.B. 180 constitutes double jeopardy, in violation of the Fifth Amendment of the United States Constitution and Art. 1, Sec. 10
of the Ohio Constitution.
 "[7.] The trial court erred in finding [appellant] to be a sexual predator because H.B. 180 is an unconstitutional ex post facto provision under the United States Constitution, and is retroactively applied in violation of the Ohio Constitution.
 "[8.] The trial court's determination that [appellant] is a sexual predator is against the manifest weight of the evidence."
 In the first seven assignments of error, appellant asserts that Ohio's sexual predator statute is unconstitutional, pursuant to our decision in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 WL 76633. With regard to appellant's constitutional arguments, each of them has been considered and rejected by the Supreme Court of Ohio. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook (1998), 83 Ohio St.3d 404.
In his first assignment of error, appellant contends that the registration requirements of the sexual predator statute violate Section1, Article I, of the Ohio Constitution, as they infringe upon one's right to privacy, property, and liberty. However, the Supreme Court of Ohio, inWilliams, 88 Ohio St.3d at 527, held that "R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution." Hence, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that Ohio's sexual predator statute violates the Equal Protection Clause of theFourteenth Amendment to the United States Constitution by creating a special class without a rational basis. Specifically, appellant argues that there is no rational basis to distinguish between those sex offenders currently in prison versus those who have already been released from prison. This argument, however, was also expressly rejected by the Supreme Court of Ohio in Williams. Id. at 529-532. Thus, appellant's second assignment of error lacks merit.
In the third assignment of error, appellant submits that R.C. Chapter 2950 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as Due Process guaranteed by theFifth and Fourteenth Amendments, by denying a defendant a right to trial by jury and by applying a different standard of evidence among similarly situated sex offenders. In Williams, the Supreme Court of Ohio found the same equal protection arguments unpersuasive. Id. at 531-532.
Regarding the jury issue, this court rejected that argument in Statev. Petersime (July 28, 2000), Trumbull App. No. 99-T-0159, unreported, 2000 WL 1041328. We held that because a sexual predator proceeding is not criminal in nature, the basic right to a jury trial does not attach.Id. at 2. Concerning the different standard of evidence, we note that the Supreme Court of Ohio rejected this argument. Williams at 531-532. Therefore, appellant's third assignment is not well-taken.
In his fourth assignment of error, appellant maintains that R.C. Chapter 2950 is void for vagueness since it compels a court to make a preponderance determination based upon "clear and convincing" evidence. This argument was also rejected by the Supreme Court in Williams, wherein the court held that it was not inherently illogical for the statutory scheme to require a trial court to employ the "clear and convincing" evidential standard in determining whether it is "likely" that a defendant will commit another sexually oriented offense in the future.Id. at 532-534. Appellant's fourth assignment of error is not well-founded.
In the fifth assignment of error, appellant claims that R.C. Chapter 2950 is an unconstitutional bill of attainder. Appellant argues that Ohio's sexual predator laws act in a way to inflict punishment without the benefit of a judicial trial. In Williams, the Supreme Court held that the Bill of Attainder Clause was not violated by R.C. Chapter 2950.Id. at 528-529. Appellant's fifth assignment of error lacks merit.
In the sixth assignment of error, appellant asserts that R.C. Chapter 2950 constitutes double jeopardy, in violation of the Fifth Amendment to the United States Constitution, and Section 10, Article I, of the Ohio Constitution. The Supreme Court of Ohio also rejected this argument due to its conclusion that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, thus, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Id. at 528; see, also, Cook, 83 Ohio St.3d 404. Appellant's sixth assignment of error is without merit.
In his seventh assignment of error, appellant contends that R.C. Chapter 2950 is an unconstitutional ex post facto provision and is being applied retroactively in violation of the Ohio Constitution. The Supreme Court of Ohio expressly rejected this challenge in Cook, due to its conclusion that the statutory scheme served a remedial purpose and was not punitive in nature. Cook at 423. Specifically, the Supreme Court held that R.C. Chapter 2950 is not a violation of either the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. Id. at syllabus. Therefore, appellant's seventh assignment of error is not well-taken.
Lastly, in the eighth assignment of error, appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
In making such analysis, the judge must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether it was part of a demonstrated pattern of abuse; (i) whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statements because the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. Cook, 83 Ohio St.3d at 425. This court stated in State v.King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2001 WL 20720, at 3, that:
 "[t]he trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. * * * Furthermore, R.C. 2950.09
does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator. * * * Although not specifically mandated by the statute, if, after consideration of the relevant factors, the court determines that the defendant should be classified as a sexual predator, it should declare that the defendant `is likely to engage in the future in one or more sexually oriented offenses,' the quintessential purpose in labeling an offender a `sexual predator.' R.C. 2950.01(E)." (Citations omitted.)
 Pursuant to State v. Eppinger (2001), 91 Ohio St.3d 158, 166, the Supreme Court of Ohio has stated that there are three objectives in a sexual offender classification hearing. First, the Supreme Court explained that "it is critical" that "a clear and accurate record of what evidence or testimony was considered should be preserved * * * for purposes of any potential appeal." Id. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Id. Finally, the Supreme Court indicated that the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and it should discuss, on the record, the evidence and factors upon which it relies in making its determination as to the likelihood of recidivism. Id.
Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the case sub judice, the record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which were considered by the trial court, apply to appellant. At appellant's adjudication hearing, the trial court specifically found that:
 "* * * [Appellant], of course, is a 38-year old male. That * * * the victim in this case, is 14 years of age. There is some dispute as to when the sexual abuse in this case started * * *. But regardless, [the trial judge thinks] that it is something that has taken place for a period of some years. It did start at a very young age when [the victim] was too young to really understand what was going on, but [the trial judge finds that] it continued on a regular basis for a period of years, and in [his] opinion that does amount to a demonstration of a pattern of abuse as contemplated in [R.C.] 2950.09.
 "* * * this evidence does support that there was some evidence that the Prosecutor alluded to about locking [the victim] in her room and not allowing her [to] use the bathroom, and * * * in terms of [R.C. 2950.09(B)(2)(i), this relates to] any display of cruelty. * * * And, in fact, after [the victim] would either urinate or defecate, [appellant] would strip her and clean her.
 "And finally, * * * [appellant's] continuing attempts to go to the residence of his wife and stepchild, [the victim], even after the fact that the sex abuse had been disclosed, after [appellant] had been told to stay away from the residence, and even after Temporary Protection Orders had been issued by the Court, * * * [indicate that appellant's] behavior showed he was not subject to control even by the court order.
 "Another concern is that the Sexual Offender Program that we have available to us, * * * [appellant] is not amenable to treatment in that program.
 "And based on all of those factors [the trial judge finds] by clear and convincing evidence that [appellant] is likely to commit sexually oriented crimes in the future. So * * * he is a sexual predator under this statute."
 Additionally, in the judgment entry adjudicating appellant a sexual predator, the trial court states that "[b]ecause of the tender age of the victim, the serious psychological injury to her, the step parent relationship of [appellant], and the regular and continuing pattern of abuse over a period of years, the shortest term will demean the seriousness of the offenses and consecutive sentences are necessary to adequately address the seriousness of the conduct and to protect the public from future crimes by [appellant]."
These findings demonstrate that the trial court determined that the following factors listed in R.C. 2950.09(B)(2) were relevant to this case: the offender's age; the age of the victim; the nature of the offender's sexual misconduct and whether it was part of a demonstrated pattern of abuse; and the existence of cruelty or threats of cruelty.[1]
Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator. Appellant's argument that the finding that he is sexual predator is against the manifest weight of the evidence has no merit.
For the forgoing reasons, appellant's assignments of error lack merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 ____________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., GRENDELL, J., concur.
[1] Although, the sexual predator statute does not require a trial court to identify specific operative facts underlying its determination, we would suggest that for purposes of appellate review it would be a better practice for trial courts to utilize some sort of statutory worksheet or checklist to specify their findings in relation to each of the listed statutory factors when completing their judgment entry. SeeState v. Wantz (Dec. 29, 2000), Geauga App. No. 99-G-2216, unreported, 2001 WL 20718, at 3.